UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD OF INDIANA AND KENTUCKY, INC.,[1] | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 1:18-cv-1219-RLY-DLP |
| COMMISSIONER, INDIANA STATE DEPARTMENT OF HEALTH, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**Motion for Preliminary Injunction**

Plaintiff moves this Court for a preliminary injunction in this case pursuant to Rule 65 of the Federal Rules of Civil Procedure and says that:

1. In its Complaint for Declaratory and Injunctive Relief / Notice of Challenge to Constitutionality of Indiana Statute (Dkt. 1), plaintiff claimed, among other things, that proposed Indiana Code § 16-34-3-4.7 (eff. July 1, 2018), requiring the reporting of certain "complications" following abortions was unconstitutional for several reasons.

2. On June 28, 2018, this Court granted a preliminary injunction preventing the statute from going into effect.

---

[1] Effective April 1, 2021, the corporation formerly known as Planned Parenthood of Indiana and Kentucky, Inc., merged with Planned Parenthood of the Great Northwest and the Hawaiian Islands, Inc., and the merged corporation is now known as Planned Parenthood Great Northwest, Hawai'i, Alaska, Indiana, Kentucky, Inc. On this date plaintiff has filed a motion to substitute this new corporation as the plaintiff in this case.

[1]

3. As relevant here, in 2019, the Indiana General Assembly amended the statute to its current form. Ind. Code § 16-34-3-4.7 (eff. July 1, 2019) ("the Complications Statute").

4. Plaintiff filed a motion for summary judgment on July 26, 2019 (Dkt. 73), arguing that the Complications Statute was unconstitutionally vague and was also fundamentally irrational in violation of both due process and equal protection.

5. The defendants filed their cross-motion for summary judgment on August 26, 2019. (Dkt. 77).

6. On July 8, 2020, this Court entered its Entry on Cross-Motions for Summary Judgment that, among other things, found that the Complications Statute was unconstitutionally vague.[2] (Dkt. 97). The Court did not address the plaintiff's argument that the Complications Statute was irrational in violation of due process and equal protection. (*Id.* at 2 ["Because the Complications Statute is void, the court does not address Planned Parenthood's equal protection and due process challenges."]).

7. The State appealed this Court's determination and on August 2, 2021, a panel of the Seventh Circuit reversed this Court's summary judgment decision, holding instead that the Complications Statute was not unconstitutionally vague. *Planned Parenthood of Indiana and Kentucky, Inc. v. Marion County Prosecutor, et al.*, 7 F. 4th 594 (7th Cir. 2021). In so holding, the court did not address plaintiff's claim that the statute violates equal

---

[2] Plaintiff had also challenged a second statute that required inspection of abortion clinics more frequently than other health care providers. Ind. Code § 16-21-2-2.6. The Court upheld the constitutionality of this statute, and that decision was not challenged on appeal and is final.

protection and due process as irrational, instead noting that "[w]e take no position on these arguments and remand for the district court to consider these arguments in the first instance, to the extent the parties still seek a judicial decision on them." *Id.* at 606.

8.  On October 28, 2021, the Seventh Circuit issued its mandate in this case after a petition for rehearing with suggestion for rehearing *en banc* was denied.

9.  The Complications Statute is fundamentally irrational and violates due process and equal protection.

10. Enforcement of the statute will cause plaintiff irreparable harm for which there is no adequate remedy at law.

11. The balance of harms favors the plaintiff as issuance of the injunction will merely maintain the *status quo* and will not injure the defendants.

12. The public interest would be served by the issuance of a preliminary injunction.

13. Issuance of the injunction will not cause any potential for monetary injuries to the defendants, and it should therefore issue without bond.

14. This Court should establish a briefing schedule for the parties in this matter.

15. In furthers support of this motion plaintiff will timely submit its supporting evidence and memorandum of law.

WHEREFORE, plaintiff requests that this Court grant plaintiff a preliminary injunction in this matter, enjoining the Complications Statute, Indiana Code § 16-34-3-4.7, and for all other proper relief.

Kenneth J. Falk
Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org
spactor@aclu-in.org


Carrie Flaxman
Planned Parenthood Federation
    of America
1100 Vermont Ave., NW
 Suite 300
Washington, D.C. 20005
202/973-4830
carrie.flaxman@ppfa.org

Attorneys for Plaintiff